**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


AUDREY CARTER,                  :
                                :   Civil Action No. 09-2314 (JBS)
          Plaintiff,            :
                                :
                                :
          v.                    :   OPINION
                                :
UNITED DISTRICT COURT OF        :
TRENTON NEW JERSEY, et al.,     :
                                :
          Defendants.           :
```

**APPEARANCES**:

    AUDREY CARTER, Plaintiff pro se
    2300 South Broad Street
    M1
    Hamilton, New Jersey 08619

**SIMANDLE**, District Judge

On May 14, 2009, pro se plaintiff, Audrey Carter, filed a Complaint in this matter against the "United District Court of Trenton New Jersey," more properly, the United States District Court for the District of New Jersey, Trenton vicinage; the Honorable John J. Hughes, U.S.M.J.;[1] the Honorable Garrett E. Brown, Jr., Chief Judge; the Honorable Anne E. Thompson, U.S.D.J.; the Honorable Joel A. Pisano, U.S.D.J.; Steve Hallett and Dr. Scott, seeking damages in excess of $6 million "for emotional, sexual distress, discrimination by gender and other."

---

[1] Judge Hughes is now retired from the United States District Court.

The allegations in the Complaint arise from earlier lawsuits brought by Ms. Carter in this district, namely, Civil No. 09-533 (JAP), dismissed on February 10, 2009; Civil No. 06-3081 (JAP), dismissed on August 4, 2006;[2] Civil No. 05-5944 (GEB), dismissed on January 9, 2008;[3] Civil No. 00-4330 (GEB), dismissed on January 7, 2003;[4] Civil No. 09-1047 (AET), dismissed on March 13, 2009; and Civil No. 09-512 (AET), dismissed on February 20, 2009.[5]

Plaintiff submitted an application to proceed <u>in forma pauperis</u> ("IFP") in this instant action.  The Court has considered Ms. Carter's IFP application and concludes that she is permitted to proceed without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a).  However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and

---

[2] Ms. Carter filed a motion for reconsideration in Civil No. 06-3081 (JAP), which was denied on September 15, 2006.

[3] Ms. Carter filed a motion to re-open her case in Civil No. 05-5944 (GEB), which was denied on May 15, 2009.

[4] Ms. Carter sought to re-open her case in Civil No. 00-4330 (GEB) by letter request filed on April 14, 2009.  On June 26, 2009, the Honorable Juan R. Sanchez of the United States District Court for the Eastern District of Pennsylvania was designated and assigned to handle the motion to re-open in Civil No. 00-4330, pursuant to 28 U.S.C. § 292(b).  Judge Sanchez denied plaintiff's motion to re-open on July 8, 2009.

[5] Ms. Carter filed motions to re-open both cases before Judge Thompson, in Civil No. 09-512 and 09-1047.  Judge Thompson denied the relief requested by Orders filed April 28, 2009 in both actions.

for the reasons set forth below, this Court finds that this action should be dismissed for failure to state a claim upon which relief may be granted, and because it seeks monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

I. Judicial Immunity

This action is principally directed against the United States District Court Judges in the Trenton vicinage who had dismissed Ms. Carter's earlier lawsuits.  Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit.  Mireless v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978).  Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences."  Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967).  Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Mireless, 502 U.S. at 11.

There are two circumstances where a judge's immunity from civil liability may be overcome.  These exceptions to the

doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity.  The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity.  Id.  The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction.  Id.  Neither exception is applicable in the present case.

In light of the foregoing, Ms. Carter's Complaint must be dismissed with respect to the District Court Judges named herein.  The Court notes, however, that Plaintiff was not without legal recourse to correct any alleged errors made by the court in her earlier lawsuits.  The appropriate course of action would have been for Plaintiff to file an appeal from each case with the United States Court of Appeals for the Third Circuit.  It appears, unfortunately, that Ms. Carter decided to file this action instead.

## II. Claims Against Defendants Hallett and Dr. Scott

Finally, Plaintiff continues to assert that defendants Hallett and Dr. Scott are sexually violating her by having sex with Plaintiff by hypnosis.[6]  This claim was raised by Ms. Carter in her two earlier actions, Civil No. 09-512 (AET) and Civil No.

---

[6] In a letter filed on June 2, 2009 (docket entry no. 6), Plaintiff listed 14 other defendants she wished to be added as part of the earlier cases, Civil No. 09-512 (AET) and Civil No. 09-1047 (AET).  She claims that these numerous individuals are "career criminals" who made Plaintiff a "sex slave."

09-1047 (AET), which were dismissed.  Judge Thompson dismissed both cases for lack of subject matter jurisdiction because Plaintiff's claims were limited to allegations that the defendants violated state criminal laws.

Accordingly, Plaintiff's renewed claim against these defendants likewise must be dismissed for lack of subject matter jurisdiction.  Further, as noted above, to the extent that Ms. Carter takes issue with the dismissal of the earlier actions, Civil No. 09-512 (AET) and Civil No. 09-1047, her proper recourse is by appeal to the Third Circuit, rather then by filing a repetitive claim, which she knew had been dismissed on jurisdictional grounds in this District Court.

III. Conclusion

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  Plaintiff's claims against the United States District Court Judges are barred by judicial immunity, and the Court has no subject matter jurisdiction over the state law claims asserted by Plaintiff as against the non-judicial defendants.  An appropriate order follows.

**s/ Jerome B. Simandle**  
JEROME B. SIMANDLE  
United States District Judge

Dated: **August 12, 2009**